UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE MAXEAU,

Petitioner,

v. Case No.: 2:26-cv-02184-SPC-NPM

DAVID HARDIN *et al.*,

Respondents,
________________________________________/

**OPINION AND ORDER**

Before the Court are George Maxeau's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Maxeau is a native of Haiti who entered the United States on a B-1 visitor visa with authorization to remain until April 29, 2008. Maxeau did not leave the country, and the Department of Homeland Security commenced removal proceedings on June 27, 2008, by issuing a notice to appear. The record does not reflect any activity in the removal proceedings until May 1, 2025, when local police arrested Maxeau for violation of a local ordinance. Immigration and Customs Enforcement ("ICE") issued an immigration detainer and took custody of Maxeau on May 6, 2025.

Maxeau requested a custody redetermination hearing on May 9, 2025, but ICE apparently ignored that request for more than five months. On October 20, 2025, Immigration Judge Michael Walleisa denied Maxeau's

request for release on bond with a one-sentence order: "Respondent presents a flight risk." (Doc. 6-1 at 17). In a second custody redetermination hearing on January 1, 2026, Judge Walleisa denied release on bond again because Maxeau "has not demonstrated a material change in circumstances to warrant reconsideration of the denial of his bond entered on October 20, 2025." (Doc. 6-1 at 1).

In his habeas petition, Maxeau claims his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The analytical framework established in that case does not apply here. *Zadvydas* applies to noncitizens who are detained under 8 U.S.C. § 1231 because they are subject to an administratively final order of removal. Maxeau has not been ordered removed, so he is detained under § 1226(a). However, *Zadvydas* recognizes a general principle that is relevant here: indefinite or prolonged civil detention without strong procedural protections raises "a serious constitutional problem." *Id.* at 690. Maxeau claims his detention has become unconstitutional.

In response, the government argues Maxeau's petition is moot. Not so. Maxeau's petition is not moot because his challenge to continued detention "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). The government also argues the Court lacks jurisdiction to consider Maxeau's claims. The government points to a subsection of the Immigration and

Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). § 1226(e) does not apply here because Maxeau does not ask the Court to review the immigration judge's discretionary judgments or decisions. Rather, he asserts a bona fide due process claim challenging the constitutionality of his prolonged detention. Finally, the government's argument that Maxeau must exhaust administrative remedies lacks merit because the result is pre-determined. It is the government's position that Maxeau is not entitled to any administrative relief.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Maxeau's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Maxeau's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the

'reasonably foreseeable future' conversely would have to shrink"). The fact that Maxeau's detention now exceeds 14 months and could continue indefinitely raises constitutional concerns. But under the status quo, Maxeau has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof and the immigration judge engages in a thorough analysis of the facts. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Maxeau without a more robust bond hearing. A bond hearing where the government bears the burden of proof and the immigration judge examines the facts will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Maxeau before an immigration judge for a third bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting

order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Maxeau receives a bond hearing that complies with this Order within seven days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

George Maxeau's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Maxeau for an individualized bond hearing before an immigration judge or (2) release Maxeau under reasonable conditions of supervision. If the respondents release Maxeau, they shall give him telephone access so he can arrange transportation from the facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record